# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BARBIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MV TRANSPORTATION, INC.,<br><br>    Defendant. | 1:12-cv-00232 AWI GSA<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO QUASH DEPOSITION SUBPOENA**<br><br>(Docket Entry No. 9) |

**PROCEDURAL BACKGROUND**

On July 27, 2012, Plaintiff Sean Barbin filed a "Motion to Quash Deposition," wherein he seeks to quash the notice of his deposition set by Defendant MV Transportation, Inc., for August 8, 2012, in San Francisco, California. (Doc. 9.)

On July 30, 2012, this Court issued a minute order requiring any opposition to be filed no later than August 1, 2012, and indicating that with such filing the matter would be deemed submitted. (*See* Doc. 11.) Later that same date, Defendant filed its opposition to Plaintiff's motion. (Docs. 12 & 13.)

//
//

1

# DISCUSSION

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958). Discovery will also serve to narrow and clarify the issues in dispute. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Rule 30 of the Federal Rules of Civil Procedure concerns oral depositions and provides, in pertinent part:

> **(a)** *Without Leave*. A party may, by oral questions, depose any person, including a party, without leave of court . . .. The deponent's attendance may be compelled by subpoena under Rule 45.
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> **(b)** *Notice in General*. A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition, and if known, the deponent's name and address. . ..

***The Parties' Positions***

Plaintiff contends the deposition notice should be quashed because the location of the deposition is unreasonable, and because Defendant "committed perjury when serving" him with

the notice. (Doc. 9 at 2.) He claims that Defendant "refused to consider conducting the deposition by phone conference" and that he attempted to "resolve this problem through email and phone consultations . . .." (Doc. 9 at 2-3.)

Defendant asserts that it did not intentionally misrepresent the date in its proof of service, that it has provided more than reasonable notice to Plaintiff regarding the date of his deposition, that it is entitled to take his deposition in person, that it offered to adjust the date and location of the deposition in an effort to accommodate Plaintiff; and finally, that Plaintiff failed to meet and confer prior to filing his motion. (Doc. 12 at 2-6; *see also* Doc. 13.)

*Analysis*

*Service of Process of Deposition Notice*

Plaintiff contends the deposition notice should be quashed because Defendant has presented "material false statements under oath" and "committed perjury" with regard to service of the deposition notice. The Court is not persuaded by Plaintiff's argument.

This Court has conducted a careful review of the materials submitted by both Plaintiff and Defendant. This type of typographical error is not a basis upon which to quash the deposition notice. The typographical error here - the date of May 5, 2012 on the original proof of service rather than the correct or actual date of June 5, 2012 - does not, in the Court's view, serve to mislead Plaintiff . Whether the deposition was served on May 5, June 5, or even June 15 is of no moment. Rather, the issue is whether or not Plaintiff was given reasonable notice of his deposition, as addressed below.

*Reasonable Notice*

Assuming for the sake of argument that Plaintiff did not receive notice of his deposition until June 18, 2012, that notice is reasonable. There are fifty-one (51) days between that date and the date of his deposition, to wit: August 8, 2012, at 10:00 a.m.

A number of cases have held that, for a deposition without production of documents, ten days notice is generally considered reasonable. *See, e.g., Paige v. Consumer Programs, Inc.*, 248

F.R.D. 272, 275 (C.D. Cal. 2008) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)). When a deposition notice includes a production request, typically thirty days provides reasonable notice. *See Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 479 (6th Cir. 2010). But there is no fixed rule because the reasonableness of the notice must be evaluated in light of the circumstances of each particular case. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 327.

In light of the circumstances in this case, and in particular the fact Plaintiff had *at least* fifty-one days advance warning of the date of his deposition, the notice given here is more than adequate. In fact, this Court has previously determined that twenty-three days notice is reasonable. *See, e.g., Bender v. Cannedy*, 2011 WL 2036708 at * 2 (E.D. Cal. May 23, 2011); *Van Scoy v. New Albertson's Inc.*, 2011 WL 1079914 at *4, n.4 (E.D. Cal. Mar. 21, 2011).

Hence, the notice given here was reasonable. Therefore, this Court will deny Plaintiff's motion to quash the deposition notice on this basis.

*Deposition Location*

Plaintiff also contends that it is "more reasonable and economic for counsel for [Defendant] to transport themselves to Fresno" for the deposition rather than his having to travel to San Francisco. (Doc. 9.) However, Plaintiff undertook this litigation against Defendant by filing a complaint in the Fresno County Superior Court. Defendant then properly removed the action to this Court. Therefore, Plaintiff must now participate in the discovery process as is his burden. Whether Defendant is "a business with the means to come to Fresno" (Doc. 9 at 2-3) is irrelevant.

While it may be inconvenient for Plaintiff to travel to San Francisco, California, Defendant is under no obligation to agree to conduct Plaintiff's deposition by phone, or any other means. The Federal Rules of Civil Procedure provide both parties with the right to take oral depositions, and Defendant has chosen to exercise that right. Moreover, according to Defendant, it offered to change the date *and location* of the deposition, however, Plaintiff failed to respond

to the offer. (*See* Doc. 12 at 4-5 & Doc. 13, ¶¶ 3-4, Ex. A ["We will also agree to take the deposition in Modesto, California, which presents a reasonable compromise, as it is a mid-point between where you reside and our office is located, and within 100 miles of your residence"].)

Thus, it appears that Plaintiff could have provided Defendant with alternative dates for his deposition to be taken in Modesto, yet chose not to do so. This is not a basis upon which to quash Defendant's deposition notice or to otherwise shield Plaintiff from having his deposition taken. Plaintiff has not met his burden as the party resisting discovery, as his objections are not supportable.

*Miscellaneous*

Plaintiff is cautioned that should he fail to comply with a proper notice of deposition and/or deposition subpoena, he could face monetary sanctions. *See* Fed. R. Civ. P. 37.

Plaintiff is advised that, as a pro se litigant in this Court, he is obligated to comply with the Local Rules, federal rules and this Court's orders. A failure to do so could be grounds for dismissal of his lawsuit or other appropriate sanctions. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

It is important to note that, "A district court lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). "The trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Id*. (citing *Jacobson v. Filler,* 790 F.2d 1362, 1365 n.5 (9th Cir. 1986). And,

> [d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course." *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out").

*Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004).

## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion is DENIED. Plaintiff's deposition SHALL proceed on August 8, 2012, at 10:00 a.m. in San Francisco, California, or, in the alternative, at a mutually agreeable date and location as stipulated to by the parties.

IT IS SO ORDERED.

Dated: __August 1, 2012__        _____/s/ Gary S. Austin_____
                                 UNITED STATES MAGISTRATE JUDGE

6