IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEAN BARBIN, | ) | 1:12-CV-232  AWI GSA |
| | ) | |
|         Plaintiff, | ) | ORDER ON PLAINTIFF'S |
| | ) | MOTION FOR EXTENSION OF |
|    v. | ) | TIME, ORDER FOR PLAINTIFF |
| | ) | TO FILE AN OPPOSITION, AND |
| MV TRANSPORTIATION, INC., | ) | ORDER RESETTING HEARING |
| | ) | |
|         Defendant. | ) | Doc. No. 23 |

Currently set for hearing and decision on March 18, 2013, is Defendant's motion for summary judgment.[1] On February 5, 2013, Plaintiff filed a motion to extend time to file discovery responses. See Doc. No. 23. On February 20, 2013, Plaintiff filed an opposition to the summary judgment motion. See Doc. No. 27. The opposition cites to Rule 50 and contends that, because no ruling has been made on the request to extend discovery deadlines, Defendant's summary judgment motion is improper. See id.

With respect to the motion for an extension of time, the indication is that Plaintiff requests the extension in order to provide or submit evidence that he has already obtained. Plaintiff indicates that an extension is warranted because he was hospitalized in October 2012. However, Plaintiff does not support his motion with any evidence or declarations. Without evidence and further elaboration regarding the hospitalization (such as duration, nature, and

---

[1] The pre-trial conference in this matter is set for May, 17, 2013, and trial is set for July 16, 2013.

restrictions caused by the hospitalization), an extension of time is not warranted. Plaintiff's motion for an extension will be denied without prejudice.[2]

With respect to Plaintiff's opposition to summary judgment, it is apparent that there is misapprehension by Plaintiff. Rule 50 deals with cases in which a jury trial has occurred or when a jury trial is presently occurring. Because no part of this case has been presented to a jury, Rule 50 has no application to these proceedings at this point. Further, the fact that a motion regarding discovery has yet to be ruled upon is not of itself grounds to deny Defendant's motion. Plaintiff's opposition in no way justifies denying Defendant's motion.

Given Plaintiff's pro se status, the Court will give Plaintiff another opportunity to properly oppose summary judgment. Plaintiff will be ordered to submit an opposition that complies with Local Rule 260 and that is supported by a memorandum of points and authorities.[3] Since Plaintiff has had Defendant's motion since February 5, 2013, the Court will give Plaintiff until March 22, 2013, to file either an opposition or notice of non-opposition.[4] The current March 18, 2013 hearing date will be vacated and the matter will be reset to April 8, 2013.

//
//

---

[2] The Court reminds Plaintiff that he is under a continuing obligation to supplement discovery responses, even if discovery has closed pursuant to a scheduling order. See Fed. R. Civ. Pro. 26(e); Rodriguez v. IBP, Inc., 243 F.3d 1221, 1230 (10th Cir. 2001).

[3] A copy of the Local Rules may be found that the Eastern District of California public website. In pertinent part, Local Rule 260 reads:

Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

[4] If Plaintiff intends to submit evidence that was not produced to Defendant, but which was required to be disclosed pursuant to Rule 26(a), then Plaintiff should include a declaration that would justify use of the evidence pursuant to Rule 37(c)(1). See Fed. R. Civ. Pro. 37(c)(1) (providing for exclusion of evidence unless the proponent of the evidence can show either substantial justification or a lack of prejudice to the opposing side).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (Doc. No. 23) is DENIED without prejudice;
2. The March 18, 2013, hearing date on Defendant's motion for summary judgment is VACATED;
2. Plaintiff shall file an opposition to Defendant's motion for summary judgment, consistent with Local Rule 260 and this order, no later than March 22, 2013;[5]
3. Defendant may file a reply to Plaintiff's opposition no later than 3:00 p.m. on March 29, 2013; and
4. Defendant's motion for summary judgment is RESET to April 8, 2013.

IT IS SO ORDERED.

Dated:   March 11, 2013

SENIOR DISTRICT JUDGE

---

[5] The Court must actually receive the opposition by March 22, 2013 – placing the opposition in the mail on March 22, 2013, is insufficient.